**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4423**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MILTON BYARD,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:06-cr-00165-5)

———————

Submitted: January 23, 2009   Decided: February 17, 2009

———————

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milton Byard pled guilty to one count of conspiring to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court properly calculated Byard's advisory Guidelines range to be forty-six to fifty-seven months of imprisonment, and sentenced him to serve forty-six months. Byard appeals, alleging his sentence is procedurally unreasonable because the district court did not sufficiently consider the 18 U.S.C. § 3553(a) (2006) sentencing factors.[*] We have reviewed the record and affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence to determine whether it is unreasonable, applying a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591, 594 (2007). A district court must engage in a multi-step process at sentencing. First, the sentencing court must calculate the appropriate Guidelines range by making any necessary factual findings. Id. at 596. Then the court should afford the parties "an opportunity to argue for whatever sentence they deem appropriate." Id. Next, it should consider the resulting advisory sentencing range in conjunction with the factors set out in 18 U.S.C. § 3553(a), and

---

[*] Byard does not challenge the calculation of his advisory Guidelines range.

2

determine whether the § 3553(a) factors support the sentence requested by either party. Id. Consideration of the factors in § 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks and citation omitted).

To determine whether a sentencing court abused its discretion, we undertake a two-part analysis. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). First, we examine the sentence for "significant procedural errors," and second, we evaluate the substance of the sentence. Id. Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" Id. (quoting Gall, 128 S. Ct. at 597). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" Id. (quoting Gall, 128 S. Ct. at 597). An appellate court may presume a sentence within the Guidelines range to be reasonable. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2459, 2462 (2007).

Here, the district court properly calculated Byard's Guidelines range and adequately noted its consideration of the § 3553(a) sentencing factors. We find no abuse of discretion in the district court's decision to sentence Byard at the bottom of the Guidelines range. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4